Tompkins, J.,
delivered the opinion of the Court.
Relfe sued Jones by summons and petition according to a statutory provision, and had judgment by default; Jones moved the Court to set aside the judgment, assigning for reason that the petition and summons had not been served according to law. His motion was overruled, and he appeals to this Court and assigns for error,
First. That the summons is insufficient.
Second. That the petition and summons was not served as required by law.
First. The sufficiency or insufficiency of the summons was not submitted to the decision of the Circuit Court; on looking into the record we find there is a summons and as the Circuit Court was not required to pass on it, we will not pry into it for defects merely formal.
Second. The return on the writ is, “ served the within writ of petition and summons on Augustus Jones, by giving a true copy of the same to him in Caledonia, Bellevue township, Oct. 26th, 1833 : signed J. C. Johnson, Sh’ff.” It is contended that the return ought to show,
First. That the Sheriff gave the defendant a copy of the writ and a copy of the petition.
Second. That Caledonia and Bellevue township are in Washington county, and they not being stated to be so, the return ought to be considered as if those places had not been named.
Third. That the return ought to show that the-writ was executed hy the Sheriff of Washington county.
First. We are of opinion that the language of the return shows with sufficient certainty, that a copy of the petition and a copy of the summons were given to the defendant hy the Sheriff. We know our law recognizes no writ called a petition and summons, and we also know that the summons is required to he sent out with the petition hy the Clerk, of which summons and petition the Sheriff is required to deliver a copy to the defendant. We will therefore reject the words “writ of,” and the return will then read thus, “ served the within petition and summons,”' &c., which is a very good return. The rejection of the words “ writ ofj” is not unreasonable, for they mean nothing where they are.
Second. We will not presume facts to make a Sheriff guilty of a breach of duty; but we will presume that such places as Caledonia and Bellevue township are found in his county. If any one is injured by a false return of such facts, he haB his rem *275 edy. The case of Charleas and Marny, cited to support this objection, is not in point. In that case the Constable returned the writ, was served “ according to law,” and it was decided that the return ought to show how and where it was served, as the law reserved to the Court the right of deciding whether it were lawfully served. The law required the officer in his return to state where he served the writ as a check on him, that it might be more easily ascertained whether he charged too much for travelling to serve process } a reason which no longer exists.
Third. The writ being directed to the Sheriff of Washington county, it would be a violent presumption that some other Sheriff had served it; this objection is also we think ill founded. We are then of opinion that the judgment of the Circuit Court ought to be affirmed.